# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Sifford, #12712-058, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 2:09-1272-PMD |
| v. ) | |
| ) | |
| Warden Drew, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Tyrone Sifford's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court summarily dismiss his Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, without prejudice and without service upon Respondent, because the court lacks jurisdiction to rule on Petitioner's claims. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner, a federal prisoner at F.C.I. Bennettsville, challenges his conviction and sentence, which occurred in the Western District of North Carolina in 1996. Petitioner previously sought habeas corpus relief pursuant to 28 U.S.C. § 2255 in 2001, which was denied. He now filed a petition pursuant to § 2241, challenging his conviction and sentence based on the fact that he believes he is actually innocent. Since Petitioner challenges a federal sentence, the Magistrate Judge recommended the court summarily dismiss his petition since he must proceed in the court that imposed the sentence.

## STANDARD OF REVIEW

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

In his objections, Petitioner contends that "he is suffering an illegal conviction and sentence based on a defective indictment, and that [he] is actually innocent of the conviction and sentence based on the Supreme Court['s decision] *US. v. Chase*." As such, Petitioner claims that the court does have jurisdiction over his claims. The court disagrees and adopts the recommendation of the Magistrate Judge. Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, ***may move the court which imposed the sentence to vacate, set aside or correct the sentence.***

Since Petitioner seeks to collaterally attack a conviction in and sentence imposed by the United States District Court for the Western District of North Carolina, Petitioner needs to file a petition pursuant to § 2255 in that court. In his objections, Petitioner argues that challenging his conviction and sentence under § 2255 is inadequate and ineffective to test the legality of his detention because "he has raised this issue on several motions, including a § 2255, which is the standard [he] must meet in order to utilize § 2241 under the 'savings clause' of §2255." Petitioner argues that since the facts and circumstances of his case made § 2255 unavailable to argue his claims, it is inadequate to test the legality of his detention, and he can utilize § 2241 to collaterally attack his conviction and sentence.

Contrary to Petitioner's arguments, the Fourth Circuit has concluded, "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The court went on to explain that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333–34. Instead of arguing that the law has changed, which renders his conduct not criminal, Petitioner argues that "*Chase v. US* was settled law of this Circuit or Supreme Court [that] established the legality of [his] conviction and is still the leading case." Therefore, Petitioner has not alleged that the substantive law has changed such that his conduct is now "deemed not to be criminal," as the second-prong of the *Jones* test requires. Thus, the court dismisses Petitioner's petition and instructs him to seek relief

in the United States District Court for the Western District of North Carolina, where he was convicted and sentenced.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Petitioner's petition is **DISMISSED** without prejudice and without service upon Respondent.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**November 19, 2009**
**Charleston, SC**